CARLSMITH BALL LLP

WILLIAM M. HARSTAD          8942
CARINA I. FASI             11807
ASB Tower, Suite 2100
1001 Bishop Street
Honolulu, Hawaii  96813
Tel No. 808.523.2500
Fax No. 808.523.0842
wharstad@carlsmith.com
cfasi@carlsmith.com

Attorneys for Plaintiff
SODEXO AMERICA, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SODEXO AMERICA, LLC, | CIVIL NO. _____ |
| Plaintiff, | **COMPLAINT**; EXHIBITS 1-4; SUMMONS |
| vs. | |
| ISLAND PARADISE INVESTMENTS LIMITED PARTNERSHIP; JOHN DOES 1-20; JANE DOES 1 20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20 | |
| Defendant. | |

## **COMPLAINT**

Plaintiff SODEXO AMERICA, LLC ("**Sodexo**"), by its attorneys

Carlsmith Ball LLP, for its Complaint against Defendant ISLAND PARADISE

INVESTMENTS LIMITED PARTNERSHIP ("**Island Paradise**") alleges and avers as follows:

## NATURE OF THE ACTION

1.    In or about July 2019, Sodexo and Island Paradise entered into a services contract for Sodexo to provide dining and building maintenance services to a senior care facility owned by Island Paradise called "Kalakaua Avenue Gardens," located at 1723 Kalakaua Avenue, Honolulu, Hawaii 96826, Tax Map Key No. (1) 2-3-022-062 (the "**Facility**").

2.    This action arises from Island Paradise's material breach of that contract by, *inter alia*, its non-payment for services provided from approximately May 2023 through August 2023, with the full amounts due and owing totaling approximately $1,011,777.39, as detailed below.

3.     Island Paradise has been unjustly enriched by receiving and retaining the benefits of the services conferred by Sodexo at Sodexo's expense and without payment.

4.    Accordingly, Sodexo now seeks a judgment against Island Paradise for the full amount due and owing to Sodexo, including interest, late charges, and the fees and costs associated with bringing this action.

## PARTIES

5.     Plaintiff Sodexo is a limited liability company duly organized and existing under the laws of Delaware.

6.     Upon information and belief, Defendant Island Paradise is a limited partnership duly organized and existing under the laws of Hawaii.

7.      Defendants JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20 are persons, partnerships, corporations, entities, or governmental units whose names and identities are presently unknown to Sodexo and who may be liable for Island Paradise's tortious conduct and other misconduct.  Sodexo will identify such Doe Defendants when and if their names and capacities are ascertained.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

9.     Sodexo's sole member is Sodexo Management, Inc.

10.     Sodexo Management, Inc. is a corporation, which is incorporated and existing under the laws of New York.

11.     Sodexo Management, Inc.'s headquarters and principal place of business is located in Maryland.

12.     For diversity of citizenship purposes under 28 U.S.C. § 1332, Sodexo is deemed a citizen of both New York and Maryland, with its sole member being a corporation duly incorporated and existing under the laws of New York and its principal place of business in Maryland.

13.     Island Paradise is a limited partnership that is formed and existing under the laws of Hawaii, with a principal place of business at 1700 S. El Camino Real, Suite 100, San Mateo, California 94402.

14.     Upon information and belief, Island Paradise has the following eight general and limited partners:  (1) 1723 Kalakaua, LLC ("**1723 Kalakaua**"); (2) P E and M, LLC ("**PE&M**"); (3) the John T S Hung and Siew Yoong Hung Trust (the "**Hung Trust**"); (4) the Tony K and Rebecca C Yung 1996 Family Irrevocable Trust (the "**Yung Trust**"); (5) Chi Wai Cheung; (6) Hua Dai; (7) Louis Leong; and (8) Paul Yu.

15.     First, at present, Sodexo is unable to definitively allege the name(s) or citizenship(s) of all member(s) of 1723 Kalakaua; however, based on publicly available records and information, Sodexo believes and alleges that 1723 Kalakaua is neither a citizen of New York nor Maryland.

16.     Upon information and belief, 1723 Kalakaua is a manager-

managed Hawaii limited liability company with a mailing address at 1700 S. El Camino Real, Suite 100, San Mateo, California 94402 .

17.     Upon information and belief, the listed agent of 1723 Kalakaua is Paul Yu, and its manager is HPL Development, LLC ("**HPL**").

18.     Upon information and belief, HPL is a California limited liability company with a principal and mailing address at 1700 S. El Camino Real, Suite 100, San Mateo, California 94402.

19.     Upon information and belief, the agent for HPL is Paul Yu, and the members of HPL are Paul Yu and Day Hilborn Jr.

20.     Upon information and belief, Paul Yu is a citizen of California and resides in San Mateo, California.

21.     Upon information and belief, Day Hilborn Jr. is a citizen of California and resides in San Francisco, California.

22.     Second, upon information and belief, PE&M is neither a citizen of New York nor Maryland.

23.     Upon information and belief, PE&M is a manager-managed California limited liability company with a principal and mailing address at 1700 S. El Camino Real, Suite 100, San Mateo, California 94402.

24.     Upon information and belief, the registered agent and manager of PE&M is Paul Yu, and its sole member is the previously-described HPL.

25.     Third, upon information and belief, the Hung Trust is neither a citizen of New York nor Maryland.

26.     Upon information and belief, the "headquarters" for the Hung Trust is located at 2533 Chestnut Street, San Francisco, California, 94123.

27.     Upon information and belief, the trustees of the Hung Trust are John T.S. Hung and Siew Yoong.

28.     Upon information and belief, John T.S. Hung and Siew Yoong are citizens of California and reside in San Francisco, California.

29.     Fourth, upon information and belief, the Yung Trust is neither a citizen of New York nor Maryland.

30.     Upon information and belief, Tony K. Yung and/ or Rebecca C. Yung are the trustees of the Yung Trust.

31.     Upon information and belief, Tony K. Yung is a citizen of California and resides in Los Altos Hills, California.

32.     Upon information and belief, Rebecca C. Yung is a citizen of California and resides in San Jose, California.

33.     Fifth, upon information and belief, Chi Wai Cheung is neither a citizen of New York nor Maryland, and is a citizen of either California or Hawaii.

34.     Sixth, upon information and belief, Hua Dai is neither a citizen or New York nor Maryland, and is a citizen of California.

35.     Seventh, upon information and belief, Louis Leong is neither a citizen or New York nor Maryland, and is a citizen of California.

36.     Upon information and belief, complete diversity of citizenship exists between Sodexo and Island Paradise, as no relevant entity or person associated with Island Paradise is a citizen of either New York or Maryland.

37.     The amount due and owing by Island Paradise to Sodexo well exceeds $75,000.00, totaling in excess of $1,000,000.00, as detailed herein.

38.     This Court has personal jurisdiction over Island Paradise under Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, because Sodexo's claims arise out of Island Paradise's transaction of business within Hawaii.

39.     Venue is proper in the United States District Court for the District of Hawaii pursuant to 33 U.S.C. § 1391(b)(1)–(2) because a substantial part of the events giving rise to the claim occurred at the Facility situated in Hawaii.

## FACTUAL BACKGROUND

### Relevant Provisions of the Management Agreement

40.     On or about July 17, 2019, Sodexo and Island Paradise entered into a Management Agreement (the "**Agreement**") for Sodexo to provide certain "Services" at the Facility.  A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

41.    The "Services" included, *inter alia*, "Dining Services and Building Services as further defined in the exhibits attached [thereto]" (collectively, the "**Services**").  Ex. 1 at 2, § 2.12.

42.    The "Dining Services" are described in Exhibit B to the Agreement, providing, *inter alia*, that Sodexo was to manage resident meal service, dining room service, and "Catering/ Special Functions" services (the "**Dining Services**") at the Facility.  *Id.* at 17, § 1.1.

43.    The "Building Services" are described in Exhibit C to the Agreement, providing, *inter alia*, that Sodexo was to manage housekeeping as well as plant operations and maintenance (the "**Building Services**") at the Facility.  *Id.* at 23, § 1.1.

44.    Section 3.1 of the Agreement, as modified by an Amendment dated January 3, 2020, relates to the term of the Agreement and provides that the Dining Services were to commence on November 1, 2019, and the Building Services were to commence on February 1, 2020.

45.    Section 4.5 of Exhibit B and Section 4.4 of Exhibit C to the Agreement relate to payment for the Dining Services and Building Services, respectively, and provide that Sodexo will submit invoices to Island Paradise at the end of each calendar month, and Island Paradise must submit payment within twenty-five (25) days after the date of any invoice received.  Any amount not paid

when due is subject to an interest rate of the lesser of one and one-half percent

(1.5%) per month or the highest interest rate allowed by applicable state law.

Additionally, upon termination of the Agreement, all outstanding amounts,

including all accrued and unpaid interest, becomes immediately due and payable.

Sixty (60) days immediately after the date of an invoice, all amounts invoiced are

considered final, and the parties waive their right to contest said invoice and the

Services covered therein.  *Id.* at 21, § 4.5; 25–26 § 4.4.

46.     Section 3.2 of the Agreement, as modified by an Amendment

dated December 21, 2020 (the "**December 2020 Amendment**"), a true and correct

copy of which is attached here to **Exhibit 2**, relates to termination for cause (the

"**Amended Section 3.2**") and provides that if either Sodexo or Island Paradise

breaches a material provision of the Agreement, the non-breaching party must

provide written notice of that breach.  If a material breach for failure to make

payment when due is remedied within ten (10) business days, "the notice shall be

null and void."  If that material breach is not cured within the remedy period, the

non-breaching party may terminate the Agreement.  Ex. 2 at 1, § 3.2.

47.     Section 3.4 of the Agreement relates to the effect of termination

of the Agreement and provides as follows: from the date notice of termination is

issued and continuing through Sodexo's final day of operations, all outstanding

amounts shall become due and payable; Island Paradise shall prepay Sodexo each

Friday with an estimate of the following week's fees and expenses, and Island

Paradise shall reimburse Sodexo for its "Opening Expenses," which generally

includes the costs and expenses associated with Sodexo implementing its Services

at the start of the Agreement.  Ex. 1 at 3, § 3.4; *see id.* at 2, § 2.9.

48.    Section 5.1 of the Agreement, as modified by an Amendment

dated October 26, 2021 (the "**October 2021 Amendment**"), a true and correct

copy of which is attached hereto as **Exhibit 3**,  relates to two "Contract

Commitments" of Sodexo.

49.    Section 5.1A of the Agreement, as modified by the October

2021 Amendment, relates to Sodexo's first contract commitment and provides as

follows:  Sodexo was to provide an amount not to exceed $200,000.00 to be

utilized towards certain items related to the Services as listed in Exhibit D to the

Agreement ("**Contract Commitment 1**").  Those funds were to be amortized on a

straight-line basis from the date the funds are utilized through August 31, 2029.  A

total of $26,539.47 of amortization was to be charged to Island Paradise as an

"Operating Expense," and the remaining $173,460.53 of amortization would be

"Sodexo's responsibility."  Island Paradise was to "own" Contract Commitment 1.

Ex. 3 at 1–2, § 5.1A; *see also* Ex. 1 at 20, 35.

50.    Section 5.1B, as modified by the October 2021 Amendment,

relates to Sodexo's second contract commitment and provides as follows: Sodexo

was to provide an amount not to exceed $300,000.00 to be utilized towards certain items related to the Services as listed in Exhibit D to the Agreement ("**Contract Commitment 2**").  Those funds were to be amortized on a straight-line basis from the date the funds are utilized through August 31, 2029.  This amortization would be "Sodexo's responsibility," and Island Paradise was to "own" Contract Commitment 2.  Ex. 3 at 2, § 5.1B; *see also* Ex. 1 at 35.

51.    Both Sections 5.1(A) and (B) further provide that if the Agreement is terminated prior to the complete amortization of Contract Commitment 1 or 2, Island Paradise shall reimburse Sodexo the unamortized portion of each or either within five (5) days after receipt by either party of any notice of termination under the terms of the Agreement.  Ex. 3 at 1–2, § 5.1A–B.

52.    Section 7.11 of the Agreement, as modified by the December 2020 Amendment, relates to notice ("**Amended Section 7.11**") and provides as follows: any notice of communication required or permitted to be given under the Agreement must be "in writing and served personally, delivered by courier or a nationally recognized overnight delivery service, or sent by United States certified mail, postage prepaid with return receipt requested," and must simultaneously be sent by electronic mail, to the specific addresses listed in the Amended Section 7.11.  The specific addresses for notice are listed as:

To [Island Paradise]:    Island Paradise Investments, LP
Attention: Paul Yu

11

President
1700 S. El Camino Real #100
San Mateo, California 94402 ("**Island Paradise's Notice Address**")

To Sodexo:   Sodexo America, LLC
Attention: Zeta Smith
CEO, Sodexo Seniors North America
9801 Washingtonian Boulevard, mail stop 13
Gaithersburg, Maryland 20878
USASodexoSeniors@sodexo.com

and:   Sodexo America, LLC
Attention: Law Department
9801 Washingtonian Boulevard
Gaithersburg, Maryland 20878
(collectively, "**Sodexo's Notice Addresses**")

All notices properly served to the appropriate addresses are effective when received or refused, except in the case of overnight delivery by a nationally recognized delivery service, in which case notice is effective the day after deposit with such delivery service.  Ex. 2 at 1–2, § 7.11.

53.    Finally, Section 7.14 of the Agreement relates to recovery fees, and provides as follows: in the event either party takes any action to enforce any term of the Agreement, the prevailing party (or in the case of failure to make payment, the initiating party) shall be entitled to recover reasonable attorneys' fees, collection service expenses, court costs, and related expenses.  Ex. 1 at 13, § 7.14.

<u>Island Paradise Breaches and Sodexo Terminates the Agreement</u>

54.    Sodexo began providing the Dining Services on or about

12

November 1, 2019 and began providing the Building Services on or about February 1, 2020.

55.     On May 5, 2023, Sodexo issued an invoice for Dining Services provided to the Facility in the month of April 2023, totaling $119,051.36.  Payment for that invoice was due on May 30, 2023.  *See id.* at 21, § 4.5.

56.     On May 31, 2023, Island Paradise breached the Agreement by failing to render full payment for the Dining Services provided for in that invoice.

57.     Nearly thirty days later, on or about June 24, 2023, Kewin Higashi, in his capacity as Executive Director of the Facility, sent Sodexo a memorandum addressed to Tracy Blazer, a Regional Vice President of Sodexo ("**Ms. Blazer**").  Zeta Smith, the Chief Executive Office of Sodexo, was copied to that memorandum.

58.     In that memorandum, the Facility alleged that Sodexo did not satisfactorily perform certain obligations under the Agreement and attempted to terminate the Agreement.

59.     Sodexo was not properly noticed with the memorandum at its contractually required Notice Addresses listed in Amended Section 7.11 of the Agreement.  *See* Ex. 2 at 1–2, § 7.11.

60.     The Facility's improper attempted notice and any related attempt to terminate the Agreement were therefore ineffective, and the Agreement

was not terminated.

61.     On or about June 26, 2023, Sodexo sent Island Paradise notice that Island Paradise had materially breached the Agreement by failing to pay Sodexo a total principal amount of $381,144.07 for Sodexo's Services.

62.     Sodexo properly served the notice letter by electronic mail and by overnight delivery to Island Paradise's Notice Addresses.

63.     The notice letter stated that Island Paradise may remedy its breach within ten (10) days of its receipt by full payment of the amounts due and owing; if Island Paradise failed to remedy its breach, it would be in default of the Agreement, allowing Sodexo to terminate the Agreement in accordance with the provisions thereof.  *See id.* at 1, § 3.2.

64.     Island Paradise failed to issue full payment by the end of the remedy period and remained in breach of the Agreement.

65.     Sodexo continued to provide its Services under the Agreement and for the benefit of the Facility and its residents.

66.     In about July 2023, Sodexo and Island Paradise began negotiating terms for the potential termination of the Agreement.

67.     On or about August 2, 2023, Island Paradise's counsel e-mailed and mailed Ms. Blazer a letter, in relevant part attempting to give notice of its termination of the Agreement.

68.     Again, Sodexo was not properly noticed at its contractually required Notice Addresses listed in Amended Section 7.11 of the Agreement. *See id.* at 1–2, § 7.11.

69.     Again, the Facility's improper attempted notice and any potential subsequent termination of the Agreement were therefore ineffective, and the Agreement was not terminated.

70.     On or about August 9, 2023, Sodexo sent Island Paradise its second notice that Island Paradise had materially breached the Agreement by failing to pay Sodexo for its Services.

71.     Sodexo properly served this second notice letter by e-mail and by overnight delivery to Island Paradise's Notice Addresses.

72.     The second notice letter stated that Island Paradise may remedy its breach within ten (10) days from its receipt by full payment of the amounts due and owing; if full payment was not received, Sodexo would terminate its Services effective August 20, 2023.

73.     On or about August 16, 2023, Sodexo sent Island Paradise a letter extending the intended termination date from August 20, 2023 to August 23, 2023 due to "the need for clarification on some remaining issues and the continued hope for a mutually agreeable termination." While Sodexo noted it was still owed payment, it maintained that it would "continue to work with Island Paradise to

facilitate the winding down of Sodexo's [S]ervices leading up to the effective date of termination."

74.     Island Paradise again failed to issue full payment by the end of the remedy period and remained in breach of the Agreement.

75.     Despite Island Paradise's continued material breach, Sodexo continued to provide Services under the Agreement for the benefit of the Facility and its residents, and to facilitate the winding down of its Services leading up to the effective termination date.

76.     On or about August 25, 2023, Sodexo issued notice of its termination of the Agreement with Island Paradise, due to Island Paradise's continuous material breach for nonpayment and its failure to remedy its breach after being properly served with prior notices.

77.     Sodexo properly served this termination notice by e-mail and by overnight delivery to Island Paradise's Notice Addresses.

78.     This termination notice further informed Island Paradise that all outstanding amounts for Sodexo's Services remained due, and Sodexo would continue to invoice Island Paradise for its Services until it fully terminated its Services and exited the Facility.

79.     Following this termination notice, Sodexo continued to provide its Services until August 31, 2023 under the Agreement for the benefit of the

Facility and its residents.

Amounts Unpaid By Island Paradise

80.     To date, Island Paradise has failed to pay the full amounts due and owing to Sodexo.

81.     On or about March 10, 2025 the amount due and owing to Sodexo from Island Paradise for services provided was $902,846.43 (the "**Accounts Receivable**").  A true and correct copy of a table containing Sodexo's current Accounts Receivable information as of that date is attached hereto as **Exhibit 4**.

82.     Of the Accounts Receivable, the amount attributed to the unpaid principal amounts for Sodexo's Services up until Sodexo exited the Facility is $643,162.97.  *See* Ex. 4.

83.     Of the Accounts Receivable, the amount attributed to interest, or "late payment charge(s)," is $259,683.46.  *Id.*

84.     The total unamortized amount of Contract Commitments 1 and 2 as of the date Sodexo exited the Facility is $108,930.96, which Island Paradise has failed to return to Sodexo.

85.     The amount owed by Island Paradise to Sodexo, including the Accounts Receivable through March 10, 2025 and the unamortized amount of Contract Commitments 1 and 2, is $1,011,777.39.

## COUNT I
## BREACH OF CONTRACT

86.    Sodexo repeats and realleges each and every of the preceding paragraphs herein.

87.    Sodexo has performed all its obligations under the Agreement with Island Paradise and fulfilled any and all conditions necessary prior to the filing of this action.

88.    Island Paradise's failure to pay the amounts due and owing for the Services provided by Sodexo is a material breach of contract between Sodexo and Island Paradise.  Island Paradise also has failed to return any of the unamortized amounts of Contract Commitments 1 and 2, which comprises a further breach of the parties' contract.

89.    Likewise, Island Paradise's conduct in dealing with Sodexo, including, without limitation, its purported attempts to "terminate" the Agreement and interference with Sodexo's performance under the Agreement, comprise a breach of Island Paradise's implied covenant of good faith and fair dealing under the Agreement.

90.    Pursuant to the terms of the Agreement, Sodexo is entitled to recover all damages, as well as interest and costs, including the Accounts Receivable and the unamortized amount of Contract Commitments 1 and 2, resulting from Island Paradise's breaches of the Agreement.

18

## COUNT II
## QUANTUM MERUIT (In the Alternative)

91.    Sodexo repeats and realleges each and every of the preceding paragraphs herein.

92.    Sodexo provided to Island Paradise certain services and benefits to assist in the operation of the Facility, including, without limitation, the Dining Services and Building Services as defined in the Agreement and exhibits thereto, and the Contract Commitments 1 and 2.

93.    Island Paradise accepted those services and benefits provided by Sodexo to assist in the operation of the Facility.

94.    Island Paradise benefitted from Sodexo's provision of services and benefits, and Island Paradise knew that Sodexo expected to be paid therefor.

95.    In the absence of liability for breach of contract and as an alternative thereto, Sodexo lacks an adequate remedy at law to recover for the harm Sodexo has incurred from Island Paradise's wrongful actions in refusing to pay Sodexo for the valuable services and benefits rendered by Sodexo to Island Paradise.

96.    Island Paradise is liable to Sodexo in *quantum meruit* in an amount not less than $643,162.97, in addition to reimbursement for the unamortized portions of the Contract Commitments 1 and 2, prejudgment interest, and attorney's fees and costs incurred by Sodexo in prosecuting this action.

19

## COUNT III
## UNJUST ENRICHMENT (In the Alternative)

97.    Sodexo repeats and realleges each and every of the preceding paragraphs herein.

98.    Sodexo conferred benefits upon Island Paradise by providing certain services and benefits to assist in the operation of the Facility, including, without limitation, the Dining Services and Building Services as defined in the Agreement and exhibits thereto, and the Contract Commitments 1 and 2.

99.    Island Paradise received the benefit of Sodexo's provision of services and benefits to assist in the operation of the Facility without rendering payment, thereby receiving that benefit without adequate legal basis.

100.    Island Paradise's retention of the benefit of Sodexo's provision of services and benefits to assist in the operation of the Facility is unjust and has been retained at the expense of Sodexo.

101.    In the absence of liability for breach of contract and as an alternative thereto, Sodexo lacks an adequate remedy at law to recover for the benefits it conferred upon Island Paradise, and Sodexo is entitled to restitution or other applicable equitable remedies to prevent the unjust enrichment of Island Paradise at the expense of Sodexo.

## PRAYER FOR RELIEF

WHEREFORE, Sodexo prays:

4881-1784-4964.7.000WMH-00001

A.   That the Court enter judgment in favor of Sodexo and against Island Paradise for the full amount due and owing to Sodexo, whether under breach of contract, *quantum meruit*, or as restitution, together with interest and late charges, as applicable and as pled herein;

B.   That the Court award Sodexo attorney's fees and costs incurred herein; and

C.   That the Court award such further relief as it deems just, equitable, and proper.

DATED:  Honolulu, Hawaii, April 4, 2025.

/s/ *William M. Harstad*
WILLIAM M. HARSTAD
CARINA I. FASI

Attorneys for Plaintiff
SODEXO AMERICA, LLC